```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

SOUTHERN PAN SERVICES COMPANY,

    Plaintiff,

v.                                        Case No. 3:07-cv-592-J-33TEM

S.B. BALLARD CONSTRUCTION COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,

    Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Plaintiff Southern Pan Services Company's Request to Stay Ruling on Defendants' Motion for Partial Summary Judgment (Doc. # 34), filed on October 24, 2007. Southern Pan filed a supplemental brief on October 31, 2007, (Doc. # 37), and S.B. Ballard[1] filed a response on November 19, 2007, (Doc. # 38). For the reasons that follow, Southern Pan's motion is granted.

S.B. Ballard Construction Company was the general contractor working on a development known as Ocean Towers at Hammock Beach. (See Doc. # 1-3, at 2 (referring to S.B. Ballard Construction Company's contract with the owner of Ocean Towers as the "General

---

[1] In this Order, the Court refers to defendants S.B. Ballard Construction Company and Liberty Mutual Insurance Company collectively as "S.B. Ballard."

1

Contract").)  Southern Pan provided construction services to the development under a subcontract with S.B. Ballard Construction Company.  (See Doc. # 27, at 2.)  Southern Pan filed this lawsuit alleging that S.B. Ballard failed to pay Southern Pan approximately $1.9 million for the construction work.  (Doc. # 1, at 3-4.)  Early in the litigation, S.B. Ballard filed a motion for partial summary judgment.  (Doc. # 27.)  S.B. Ballard's motion is founded on a "waiver" signed by one of Southern Pan's employees on April 20, 2006, as part of Southern Pan's receipt of a progress payment for its work.  (See Doc. # 27.)  The waiver purported to waive all claims Southern Pan might have against S.B. Ballard arising out of work performed through April 30, 2006.  (Doc. # 27-2.)

In its motion for partial summary judgment, S.B. Ballard argues that the waiver cuts off that portion of Southern Pan's claim arising out of work performed through April 30, 2006. (Doc. # 27, at 4.)  Thus, S.B. Ballard requests the Court to make a summary adjudication barring those portions of Southern Pan's claims arising from work performed through April 30, 2006.[2]

---

[2] S.B. Ballard's motion for partial summary judgment does not indicate whether it is brought under Rule 56(d).  The Court notes that Rule 56(d) operates in the wake of an unsuccessful motion for summary judgment, and the rule's purpose is to "salvage some results from the judicial effort involved in the denial of a motion for summary judgment." Warner v. United States, 698 F. Supp. 877,

2

Southern Pan, however, complains that it has not had an opportunity to conduct discovery and therefore cannot adequately meet S.B. Ballard's summary judgment motion. Thus, Southern Pan requests that the Court stay proceedings on S.B. Ballard's motion until Southern Pan has had an opportunity to conduct discovery.

Southern Pan identifies several legal theories that would prevent the waiver from cutting off Southern Pan's right to recover payment for work performed through April 30, 2006. For example, Southern Pan asserts the waiver cannot be enforced because it is not supported by consideration. (Doc. # 37, at 8.) Southern Pan requests that the Court stay proceedings on S.B. Ballard's summary judgment motion to allow discovery on this and other legal theories identified in its motion.

In response, S.B. Ballard advances two primary arguments. First, S.B. Ballard explains that a party opposing summary judgment may request discovery if the party shows by affidavit that it cannot present facts essential to justify its opposition. In the Eleventh Circuit, such an affidavit "must set[] forth with particularity the facts the . . . party expects to discover and how those facts would create a genuine issue of material fact

---

879 (S.D. Fla. 1988); accord Arado v. Gen. Fire Extinguisher Corp., 626 F. Supp. 506, 509 (N.D. Ill. 1985). Thus, the rule may not "be used to single out limited issues on which the court's advice may be obtained." Warner, 698 F. Supp. at 879.

precluding summary judgment." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998). S.B. Ballard argues that the two affidavits Southern Pan attached to its Rule 56(f) motion are insufficiently specific.

Second, S.B. Ballard argues that no amount of discovery could enable a successful response to its summary judgment motion, and thus the Court should simply decide the motion on the present record. S.B. Ballard's argument appears to be that discovery could only allow Southern Pan to raise a genuine issue as to immaterial facts. Because a party seeking to avoid summary judgment cannot succeed by showing that there is a genuine issue of immaterial fact, additional discovery would not help Southern Pan to oppose S.B. Ballard's motion.

The Court disagrees with both arguments. First, the affidavits attached to Southern Pan's Rule 56(f) motion set forth with sufficient particularity what facts Southern Pan expects to discover. Specifically, the affidavits state, inter alia, that Southern Pan expects to discover that the waiver was unsupported by consideration and that S.B. Ballard did not rely upon the waiver. (Doc. # 34-2, at 2.) In the circumstances of this case, the Court finds that Southern Pan's affidavits are sufficient to meet the Harbert Int'l test.

Second, Southern Pan explains in its supplemental brief how

4

the facts it seeks to discover would preclude summary judgment. Southern Pan cites <u>Air Products & Chemicals, Inc. v. Louisiana Land & Exploration Co.</u>, 806 F.2d 1524 (11th Cir. 1986), for the proposition that, "under Florida law, the payment of a pre-existing debt does not constitute consideration." (Doc. # 37, at 8 (quoting <u>Air Prods.</u>, 806 F.2d at 1529).) Southern Pan asserts that S.B. Ballard was already obligated under the subcontract to make the progress payment for which Southern Pan signed the waiver. Accordingly, Southern Pan reasons, the progress payment itself cannot be consideration for a waiver of Southern Pan's claim to payment for work done prior to April 30, 2006. Thus, Southern Pan represents that discovery is necessary to determine whether there was any other consideration that could have supported the waiver.[3]

Southern Pan's explanation of the materiality of consideration is correct. "[U]nder Florida law, the payment of a preexisting debt does not constitute consideration." <u>Air Prods.</u>, 806 F.2d at 1529. The Florida Supreme Court itself has expressed

---

[3]S.B. Ballard wonders why Southern Pan cannot simply respond to S.B. Ballard's motion for summary judgment with an affidavit from a knowledgeable corporate officer averring that there was no consideration. (<u>See</u> Doc. # 38, at 11 (Could these facts not have been presented by a representative of Southern Pan in an affidavit . . . ?").) Southern Pan represents that discovery is required on this matter, and the Court declines to assume this representation is false.

5

commitment to this rule:

> Whatever the holding of other courts . . . , this court is committed to the doctrine that the acceptance of a lesser sum from a solvent debtor than that admittedly then and there due, is not an accord and satisfaction of the entire indebtedness. There must be some fact or circumstance, some gain to the creditor or inconvenience to the debtor, to create a consideration for the release.

Jordy v. Maxwell, 56 So. 946, 946 (Fla. 1911). Of course, the preexisting debt must be "admittedly then and there due." Id.; see also Restatement (Second) of Contracts § 73 (1981) ("Performance of a legal duty owed to a promisor which is neither doubtful nor the subject of honest dispute is not consideration . . . ."). If there was no consideration, the waiver cannot be enforced. For that reason, the absence of consideration for the waiver is a material fact.

S.B. Ballard makes one final argument. It points out that the Eleventh Circuit requires courts to "balance [a Rule 56(f)] movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." (Doc. # 38, at 11-12 (quoting Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998).) S.B. Ballard then asserts that it would face an inordinate burden if the Court allowed Southern Pan to take discovery before ruling on S.B. Ballard's motion for partial summary judgment. (Doc. # 38, at 12.) For its part, Southern

Pan seems to argue that discovery would not be significantly narrowed even if the Court were to grant S.B. Ballard's motion for partial summary judgment. (Doc. # 34, at 5.) It appears substantially the same discovery will take place no matter when the Court decides S.B. Ballard's motion for partial summary judgment. In such a case, the balance tips in favor of discovery.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Southern Pan Services Company's Request to Stay Ruling on Defendants' Motion for Partial Summary Judgment (Doc. # 34) is **GRANTED** as stated below.

    1. Southern Pan shall have until May 1, 2008, to conduct discovery in support of a response to S.B. Ballard's motion for partial summary judgment (Doc. # 27).

    2. Southern Pan shall file its response to S.B. Ballard's motion for partial summary judgment (Doc. # 27) by May 1, 2008.

    3. Proceedings upon S.B. Ballard's motion for partial summary judgment (Doc. # 27) are hereby stayed until May 1, 2008.

    4. The stay previously imposed upon the deposition of Stephen Ballard is hereby lifted.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>11th</u> day of March 2008.

                                              VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record