UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOUTHERN PAN SERVICES          )
COMPANY,                       )
                               )
        Plaintiff,             )
                               )
v.                             )  CAF: 3:07-cv-592-J-33TEM
                               )
S. B. BALLARD CONSTRUCTION     )
COMPANY and LIBERTY MUTUAL     )
INSURANCE COMPANY,             )
                               )
        Defendants.            )

## PLAINTIFF'S MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER AND/OR FOR STATUS CONFERENCE

COMES NOW SOUTHERN PAN SERVICES COMPANY ("Southern"), Plaintiff in the above-styled civil action, by its undersigned attorneys, and moves this Court under Rule 29(b), Federal Rules of Civil Procedure and Local Rules 3.01 and 3.02, Local Rules of the United States District Court, Middle District of Florida, to modify the Case Management and Scheduling Order, or alternatively to schedule a status conference to address case management and scheduling issues. The grounds for the Motion are as follows:

1

**INTRODUCTION**

Plaintiff hereby moves this Court for a Status Conference to modify its present existing Case Management and Scheduling Order to (1) provide sufficient time for Plaintiff's Expert to prepare his rebuttal report to Defendants' Expert's 151 page Report with approximately 3000 exhibit pages, (2) provide Plaintiff the opportunity to depose Defendants' Project Management as well as the other important witnesses by adding four (4) depositions to the present limit, and (3) extend Plaintiff's time to file its Daubert Motion.

In the alternative, in order to efficiently address the items referenced above, Plaintiff requests a status conference to discuss equitable timelines to prepare this case for a fair trial.

**RELEVANT STATEMENT OF FACTS**

RELEVANT FACTS FOR SCHEDULE MODIFICATION

1.

After hearing argument on July 3, 2008 on Plaintiff's Motion to Modify the Scheduling Order, on July 7, 2008,

this Court entered an Order setting forth the dates for
the following:

    a. Plaintiff's Expert Disclosures          JULY 14, 2008

    b. Defendant's Expert Disclosures       SEPTEMBER 2, 2008

    c. Plaintiff's Rebuttal to            SEPTEMBER 17, 2008
       Defendant's Expert Disclosures

    d. Discovery Completion               SEPTEMBER 30, 2008


2.

On July 14, 2008, during normal business hours,
Plaintiff's Expert Disclosures were provided to the
Defendants.

3.

On August 28, 2008, six (6) plus weeks after receipt
of Plaintiff's Expert's Disclosures, Defendants filed
[Document #96] Defendants' *Unopposed* Motion for Extension
of Time to Disclose Expert testimony and Modification of
Scheduling Order.  As one of the grounds for their
extension, Defendants noted the size of Mr. Bennett's
report.[1] As a professional courtesy, Plaintiff did not
oppose Defendants' Motion.

_____

[1] See Document # 96 Paragraph no. 2 "Southern Pan's expert
report, prepared by Stephen Bennett, consists of 97 pages,
with fourteen appendices that contain more than 1,200
pages of data."

4.

On September 2, 2008, pursuant to the Defendants'
Unopposed Motion, this Court modified the Amended Case
Management and Scheduling Order to provide for the
following [Document #97]:

a. Defendants' Expert Disclosures    SEPTEMBER 26, 2008

b. Dispositive Motions               OCTOBER 10, 2008

c. Plaintiff's Rebuttal Expert Discl.  OCTOBER 17, 2008

d. Discovery Deadline                OCTOBER 24, 2008

e. *Daubert* Motions                 OCTOBER 31, 2008

f. Meeting *In Person* to Prepare Joint
   Final Pretrial Statement          FEBRUARY 19, 2009

g. Joint Final Pretrial Statement (*Including* a Single
   Set of Jointly Proposed Jury Instructions and Verdict
   Form (With diskette), Voir Dire Questions, Witnesses
   Lists, Exhibit Lists on Approved Form
                                     MARCH 2, 2009

h. All Other Motions Including Motions
   *In Limine*, Trial Briefs         MARCH 2, 2009

i. Final Pretrial Conf. Date:        MARCH 23, 2009
      Time:                             10:00 A.M.
      Judge:                   Marcia Morales Howard

j. Trial Term Begins         APRIL 6, 2009, 9:30  A.M.

5.

The above-referenced modifications to the Amended
Case Management and Scheduling Order provided Defendants'

4

eleven (11) weeks to prepare their Response to Plaintiff's Expert Disclosures.

6.

On September 29, 2008, Defendants filed another Unopposed Motion to Extend the time period to file Dispositive Motions.  Again, as a professional courtesy, Plaintiff did not oppose the extension.

7.

Despite having eleven (11) weeks, Defendants' counsel called on Friday, September 26, 2008 and asked if the Defendants' Expert Disclosures could be provided on Monday, September 29, 2008.  Plaintiff's counsel consented to the Defendants' request providing that the report was available Monday and documents responsive to Plaintiff's subpoena to Defendants' Expert would be available on Tuesday, September 30, 2008.

8.

Despite having eleven (11) weeks and then another three (3) days, Defendant did not produce the document during normal business hours.  At approximately 8:00 p.m. on Monday, September 29, 2008, Defendants sent an email

providing notice that their Expert's Disclosures could be downloaded from a website.

9.

Similar to the Report, again after normal business hours, at approximately 6:20 p.m. on Tuesday, September 30, 2008, Defendants advised that the documents responsive to Plaintiff's subpoena could be downloaded. However, upon downloading the alleged responsive documents, Plaintiff's counsel discovered that Defendants' Expert Robert Kelly failed to produce several categories of documents, including but not limited to:

a. Mr. Kelly's notes from conversations with the Defendants and its representatives;

b. Electronic schedules referenced and used in the Report;

c. Electronic files reviewed in conjunction with review of the Project;

d. Copies of the specifically requested seminar material and other documents authored;

e. All documents received or sent from the Defendants to Mr. Kelly (except specific transcripts);

f.   All drafts of Mr. Kelly's report.[2]

10.

Defendants' Expert Disclosures, which were only supposed to be a Response Expert, contained a 151 page report, with approximately 3000 pages of data.  This was nearly twice the size of Plaintiff's Disclosure report and nearly three times the data pages.  Furthermore, the Defendants' "Response" Expert Disclosure presented theories and opinions which were not addressed by Plaintiff's Expert Disclosures.  Therefore, although deliberately delayed and denominated as a "Response" expert, in reality Defendants disclosures are in fact, thinly disguised initial Expert Disclosure which were due and should have been provided to Plaintiff, no later than July 14, 2008.

11.

On September 30, 2008, after spending several hours late into the night reviewing the first 117 pages of

_____

[2] At the time of filing this Motion, Plaintiff is attempting to resolve with opposing counsel and is awaiting a response from Defendants on the production of these and other documents responsive to Plaintiff's September 16, 2008 Subpoena.

Defendants' Expert's Disclosure, Plaintiff's counsel determined that due to the size and complexity of this disclosure additional time would be needed for review. The Case Management and Scheduling Order's original twenty-one (21) days, shortened by four (4) days to seventeen (17) days due to Defendants' late production, was insufficient to (1) review and analyze the 151 page Report, 3000 pages of data, 160 Exhibits, (2) Depose the Defendants' Expert on means and methods used to prepare the Report, and (3) Prepare an appropriate Rebuttal report.

12.

On October 1, 2008, Plaintiff's counsel contacted Plaintiff's Expert Steve Bennett regarding the time needed to prepare a response. Mr. Bennett advised that he needed at least four weeks, including at least two weeks following the deposition of the Defendants' witness.

13.

Opposing Counsel has advised that they were not available for any depositions from October 8, 2008 through October 17, 2008. In light of the Defendants' counsels' schedule and Plaintiff's Expert's need for review and

evaluation of the Defendants' Expert's Disclosure, counsel for both parties arranged for the Defendants Expert deposition to occur on October 23, 2008.

14.

In light of the necessity for additional time for Plaintiff's Expert to Rebut Defendants' Expert Disclosures, Plaintiff's counsel deems additional revisions to the Scheduling Order are necessary. Plaintiff's counsel requests the following revisions to the Scheduling Order:

      a. November 7, 2008 - Plaintiff's Rebuttal Expert's Disclosure

      b. December 15, 2008 – Discovery conclusion[3]

      c. January 2, 2008 – Plaintiff's Daubert Motion deadline[4]

---

[3] As set out further in this Motion, Plaintiff requests the ability to take an additional six (6) depositions. Hopefully, by providing forty-five (45) days of additional discovery, Defendants' counsel will be able to set aside dates for the proposed depositions. Prior deposition scheduling has been difficult due to Mr. Adams' schedule conflicts.

[4] As Defendants have had since July 15, 2008 to prepare their Daubert Motion (approximately 3½ months or 107 days), Plaintiff's counsel request a reasonable similar period to evaluate and prepare its Daubert Motion.

Because Plaintiff does not know this Court's schedule, Plaintiff's counsel has not proposed dates for the other modifications set out in this Court's September 2, 2008 Order; however, it is readily apparent that adjustments will be required to at least some of the intervening dates.

15.

As this proposed revision merely provides Plaintiff approximately four (4) weeks to address what Defendants' expert prepared in over eleven (11) weeks, and to provide both parties equal opportunity for discovery, Plaintiff respectfully requests that this Court modify the scheduling order to incorporate the dates referenced in paragraph 14.

CASE MANAGEMENT ORDER RELEVANT FACTS

17.

On September 12, 2007, the Parties submitted their proposed Case Management and Scheduling Order. As part of this joint submission, the parties agreed to ten (10) fact depositions for each side. At such time, the parties had not exchanged their respective Initial Disclosures or any other discovery.

18.

Plaintiff's counsel in agreeing to the aforementioned number of depositions anticipated having sufficient depositions to take the Defendant S.B. Ballard's Executive and Project Management team depositions to get a full understanding of the facts prior to trial, and to take the necessary depositions of third parties, including but not limited to Defendant's partner in the ACI/Ballard A Joint Venture which served as the Construction manager on this Project.

19.

Subsequently, through the Defendants' initial disclosures and after taking nine (9) other depositions, Plaintiff discovered that S.B. Ballard had a rather significant Project team with knowledge of the Project, including but not limited to S.B. Ballard's President, Chief Financial Officer, Vice President, Project Manager, two (2) scheduling consultants, General Superintendant, Phase III Superintendants and Phase IV Superintendants. Furthermore, during the construction of this Project, S.B. Ballard turnover resulted in three (3) Project Managers leaving the Project, one general Superintendent leaving

the Project, and at least three phase superintendents leaving the Project.

20.

Plaintiff has diligently proceeded with taking depositions of the Defendant's Project team including the following:

1.  S.B. Ballard Corporate Representative

2.  Steve Ballard, President SBBCC

3.  Paul Littlefield, Vice President/Senior Project Manager

4.  Chris Carson, ALPHA – outside scheduling consultant

5.  Chuck Smith, SBBCC Scheduling consultant

6.  Vance Tysor, original Project Manager

7.  Lee Milligan, original General Superintendant

8.  Larry Morrison, Phase III Superintendant and late Phase IV Superintendant

9.  John Glenn, Replacement General Superintendant[5]

---

[5]    Defendants' counsel has asserted falsely that the Plaintiff has not taken advantage of opportunities for depositions such that they now oppose any extension of the discovery. However, it has been Defendants' actions that have caused virtually all delays in scheduling, including but not limited to:

21.

Pursuant to the Defendant SBBCC's initial disclosures and the depositions, the following people have knowledge of the facts and circumstances surrounding this litigation:

1.   Ann Mason, SBBCC's CFO

2.   Tom Vroegop, Former SBBCC employee and Replacement Project Manager

3.   Craig Foley, Former SBBCC employee and Replacement Project Manager

---

1. Producing Email and electronic files (approximately 180,000 documents on 12 DVDs) due originally in January, 2008, and not produced until April 23, 2008.

2. Defendants' counsel unavailability for virtually the entire month of July 2008;

3. Defendants' counsel only available for seven (7) specific days for the entire months of September and October 2008.

Thus, Defendants' counsel effectively limited depositions taking to the month of August, and a few dates in September and October 2008. During this time period, the parties have taken eighteen (18) depositions in three different states, and in excess of forty (40) filings with the Court have occurred. Furthermore, Plaintiff's counsel has spent in excess of thirty (30) plus hours (most weeks nearly double those hours) working this case.

4.    Justin  Ballard,  Former  SBBCC  employee  and Replacement Project Manager

5.    Bill Denison, SBBCC's Quality Control person

6.    ACI/Ballard  A  Joint  Venture's  Corporate Representative, and

7.    Follow Up Deposition if necessary of ACI/Ballard a Joint Venture.

22.

The  above-referenced  specific  deponent  requests  do not  include  the  entire  SBBCC  Project  team  or  the  parties supervising  the  work  with  the  ACI/Ballard  A  Joint  Venture Project  team,  but  rather  just  what  Plaintiff  has  gathered to  be  the  more  significant  players.    There  are  at  least three-four  ACI/Ballard,  A  Joint  Venture  employees,  three (3)  other  SBBCC  superintendents,  and  one  or  two  other SBBCC  office  personnel  with  relevant  evidence  on  the topics.[6]

---

[6] Plaintiff  has  also  not  addressed  the  potential  discovery ramifications  and  the  need  to  retake  depositions  if  the Defendants' newly asserted Counterclaim II is permitted.

23.

Defendants' counsel has steadfastly taken the position that Plaintiff's counsel is prohibited from contacting the former SBBCC employees to discuss this matter absent a deposition. As such, Defendants' own actions have deliberately hindered Plaintiff's ability to conduct non-deposition discovery, and have driven up the costs. Plaintiff attempted to resolve this dispute with Defendants' counsel.[7] However, even after Plaintiff has provided legal authority permitting such contact, Defendants continue to assert that Plaintiff's counsel is ethically barred from such contact.

24.

As Defendants have had large turnover on the Project, Plaintiff was unable to complete the necessary discovery within the anticipated confines. As the ability to

---

[7] Because Defendants' contend that it is an ethical issue and they desire to file for a Protective Order, as a courtesy Plaintiff has forestalled contacting these individuals providing Defendants' ten (10) days to file its proposed Motion, which has not been forthcoming as of yet. Furthermore, it is rather an ironic position that Defendants have taken in light of referencing a former Plaintiff's employee as a consultant on their Expert's report.

conduct discovery of the relevant facts should not be hindered by Defendants' turnover in personnel, Plaintiff respectfully requests that this Court modify its Case Management to permit Plaintiff to take a total of sixteen (16) depositions.

25.

In this same action, although Defendants continue to oppose equitable extensions, Plaintiff's counsel, as a professional courtesy, has consented or not opposed to all of the Defendants' requests for additional time. Plaintiff requests that this Court provide the same equity to the Plaintiff over Defendants' objection, as the Plaintiff has permitted to move forward unopposed.

**ARGUMENT AND CITATION OF AUTHORITY**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this Court may modify the Scheduling Order for good cause.

In the present action, Plaintiff has worked diligently[8] to meet this Court's Scheduling Order. Unfortunately, due to the Defendants' late production of its rather large Expert's Disclosure Response, Plaintiff's expert needs additional time to respond. Specifically Plaintiff's expert needs at least five (5) weeks (including at least two (2) weeks following the deposition of Mr. Kelly) to respond to what Defendants' Expert took over eleven (11) weeks to prepare.

As set out previously and has been common practice throughout this litigation, Plaintiff requests that this Court acknowledge the disparate conduct of the parties. Since Plaintiff provided its Expert Report on July 14, 2008, Defendants originally had in excess of six weeks to provide a Response by September 2, 2008, and thereafter requested an additional four (4) weeks to provide its Response so that it could be provided September 26, 2008. However, even with that time frame, Defendants requested an additional weekend to complete the report, again Plaintiff provided this courtesy.

---

[8] In a matter just over a year since the first Answer, the fact that in excess of one hundred and twenty (120) pleadings have been filed with the Court demonstrates that the parties have both been diligent in pursuing the matter.

17

Furthermore, on August 28, 2008 and then again on September 29, 2008, Defendants have moved to Modify the Scheduling Order.  Again Plaintiff did not oppose these requests.

Yet at the same time, Defendants adopt a completely different standard when it comes to granting Plaintiff's indistinguishable request for additional time.  Elemental justice, fairness and equity require this Court to utilize the "Golden Rule", even if the Defendants seem to have forgotten its tenets.  Defendants, having sought and received extra time – with Plaintiff's consent no less – should not be permitted to block an identical request from Plaintiff.

**CONCLUSION**

For good cause shown, Plaintiff respectfully requests that this Court grant Plaintiff's request to Modify the Case Management and Scheduling Order to provide for the following:

a. November 7, 2008 – Plaintiff's Rebuttal Expert's Disclosure due date,

b. December 15, 2008 – Discovery conclusion,

c. January 2, 2008 – Plaintiff's Daubert Motion due date, and

    d. Addition of six (6) depositions to Plaintiff's allotment of depositions.

Alternatively, Plaintiff's request that this Court schedule a status conference to discuss equitable amendment to the Case Management and Scheduling Order such that Plaintiff can conduct efficient discovery to promote and streamline the trial and sufficient and equitable time to rebut and otherwise address Defendants' Expert and his disclosures.

## LOCAL RULE 3.01(g)

The undersigned consulted with Defendants' counsel from October 3-14, 2008 in an attempt to arrange for a mutually agreeable schedule. Basically, the talks broke down with the Defendants' demand that Plaintiff agree to all of Defendants' proposed time frames, including but not limited to decreasing Plaintiff's Response time to Defendants' proposed Motion for Summary Judgment. As the Defendants' latest Motions for additional pages and time indicates that Defendants intend to file a lengthy brief which has taken in excess of two (2) months to prepare,

Plaintiff could not consent to such a limitation especially without having seen the proposed Motion.[9]


Respectfully submitted this 15th day of October, 2008.


STONE & BELLUS, P.C.


_/s/ John E. Bellus, Jr.
F. R. Josh Stone
Ga. Bar No. 684075
John E. Bellus, Jr.
Attorneys for Plaintiff

Stone & Bellus, P.C.
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA  30328

Telephone – 770-390-9950
Facsimile – 770-390-9940

---

[9]  Although not at issue in this Motion, Plaintiff anticipates that due to Defendants' proposed thirty-eight (38) page Summary Judgment Motion that additional time will be needed for its response.

## CERTIFICATE OF COMPLIANCE

This foregoing document titled PLAINTIFF'S MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER AND/OR FOR STATUS CONFERENCE complies with Local Rule 1.05(a) and has been created using Microsoft Word, Courier New, in 12 point font.

/s/John E. Bellus, Jr.
F. R. Josh Stone
John E. Bellus, Jr.
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing pleading upon counsel for the opposing party (listed below) by electronically filing using the CM/ECF system:

Adam G. Adams
Amanda Parker
Rogers Towers, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
Tel: (904)398-3911
Fax: (904)396-0663
Email: Aadams@rtlaw.com
Email: Aparker@rtlaw.com

This 15th day of October, 2008.

/s/ John E. Bellus, Jr.
F. R. Josh Stone
John E. Bellus, Jr.
Attorneys for Plaintiff