**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SOUTHERN PAN SERVICES CO.,

       Plaintiff,

vs.                                            CASE NO. 3:07-cv-592-J-34TEM

S. B. BALLARD CONSTRUCTION CO.
and LIBERTY MUTUAL INSURANCE CO.,

       Defendants.

_____

# O R D E R

This matter is before the Court on Plaintiff's Motion to Modify the Case Management and Scheduling Order (Doc. #119, Motion to Modify),[1] Defendants' response thereto (Doc. #130), Defendant S.B. Ballard Construction Company's ("Defendant Ballard") Motion for Protective Order to Prohibit Plaintiff From Contacting its Former Managerial Employees (Doc. #121, Motion for Protective Order), and Plaintiff's Response to Defendant Ballard's Motion for Protective Order (Doc. #136). A motion hearing was held before the undersigned on November 18, 2008.[2]

At the outset, it should be noted that the Court has previously determined that a continuance of the present case management and scheduling deadlines is in order. Also, the Court has already informed the parties that a Third Amended Case Management and Scheduling Order shall be issued in the near future (Doc. #146 at 2). Accordingly, Plaintiff's

_____

[1]Plaintiff's Motion to Modify additionally seeks to increase the number of depositions allotted Plaintiff under the Federal Rules of Civil Procedure from ten (10) to sixteen (16) (Doc. #119 at 16). *See also* Fed.R.Civ.P 30(2).

[2]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Motion to Modify shall be granted to the extent Plaintiff seeks to extend the present case management and scheduling deadlines.

Plaintiff, however, additionally moves the Court to increase the number of depositions allotted Plaintiff under the Federal Rules of Civil Procedure from ten (10) to sixteen (16) (Doc. #119 at 16). *See also* Fed.R.Civ.P 30(2). Specifically, Plaintiff seeks leave to depose the following individuals: (1) Ann Mason; (2) Tom Vroegop; (3) Craig Foley; (4) Justin Ballard; (5) Bill Dennison; and (6) an ACI/Ballard Joint Venture corporate representative (Doc. #119 at 13-14).

Courts have generally held that a party seeking to exceed the presumptive number of depositions must make a particularized showing of necessity. *Archer Daniels Midland Co. v. Aon Risk Services, Inc.* 187 F.R.D. 578, 586 (D. Minn. 1999); *see also Barrow v. Greenville Independent School District*, 202 F.R.D. 480, 481 (N.D. Tex. 2001) (finding plaintiff failed to justify the need to exceed the limit on number of depositions where magistrate judge concluded plaintiff's assertion of relevance was mere speculation); *Whittingham v. Amherst College*, 163 F.R.D. 170 (D. Mass.1995) (holding Federal Rules require a party to make a specific showing of necessity in order to take depositions in excess of the limit provided).

After hearing argument from the parties, the Court has determined that, due to the complexity of the case, the potential for a large number of witnesses, and the unavailability of certain documents, leave of Court to conduct said depositions in excess of ten (10) is warranted in this instance.

In addition, Plaintiff's motion to increase its number of depositions (Doc. #119) necessarily involves Defendant Ballard's Motion for Protective Order (Doc. #121) since, in the Motion for Protective Order, Defendant Ballard seeks to have Plaintiff's counsel prohibited from contacting its former managerial employees, Ann Mason, Tom Vroegop, Craig Foley, Justin Ballard, and Bill Dennison, without counsel for Defendant being notified in advance and having the opportunity to be present at any such meeting (Doc. #121 at 13-14).

Having found the aforementioned individuals may be deposed by Plaintiff, the Court finds Defendant Ballard's Motion for Protective Order is due to be granted to the extent that Ann Mason, Tom Vroegop, Craig Foley, Justin Ballard, and Bill Dennison, are not to be contacted by Plaintiff's counsel, unless such contact is pursuant to the taking of their deposition.

Accordingly, it is hereby **ORDERED**:

1.     Plaintiff's Motion to Modify the Case Management and Scheduling Order (Doc. #119) shall be **GRANTED to the extent** to the extent Plaintiff seeks to extend the present case management and scheduling deadlines. The Court shall issue a Third Amended Case Management and Scheduling Order in due course.

2.     The number of **depositions allotted to Plaintiff is EXPANDED by six (6), for a total of sixteen (16)**. Plaintiff has leave of Court to take the deposition of Ann Mason, Tom Vroegop, Craig Foley, Justin Ballard, Bill Dennison, and an ACI/Ballard Joint Venture corporate representative.

3.      Defendant S.B. Ballard Construction Company's Motion for Protective Order to Prohibit Plaintiff From Contacting its Former Managerial Employees (Doc. #121) is **GRANTED to the extent that** Ann Mason, Tom Vroegop, Craig Foley, Justin Ballard, and Bill Dennison, are not to be contacted by Plaintiff's counsel, unless such contact is pursuant to the taking of their deposition.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of December, 2008.

Copies to all counsel of record

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge