**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SOUTHERN PAN SERVICES CO.,

      Plaintiff,

vs.                                                  CASE NO. 3:07-cv-592-J-34TEM

S. B. BALLARD CONSTRUCTION CO.
and LIBERTY MUTUAL INSURANCE CO.,

      Defendants.
_____

## **PROTECTIVE ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents (Doc. #100, Motion to Compel), Defendant S.B. Ballard Construction Company's ("Defendant Ballard") response thereto (Doc. #112), Defendant Ballard's Motion for Protective Order and Supporting Memorandum of Law (Doc. #111, Motion for Protective Order), and Plaintiff's response thereto (Doc. #123). A motion hearing was held before the undersigned on November 18, 2008.[1]

As a preliminary matter, it should be noted that Plaintiff's Motion to Compel (Doc. #100) necessarily involves Defendant Ballard's Motion for Protective Order (Doc. #111) since, in the Motion for Protective Order, Defendant Ballard seeks to have the same documents Plaintiff wishes to compel the production of be deemed non-discoverable by way of a protective order. Accordingly, the Court shall resolve the respective motions concurrently.

---

[1]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

In the Motion to Compel (Doc. #100), Plaintiff moves the Court to compel Defendant Ballard to produce sixty three (63) pages of documents related to Defendant Ballard's pricing data history, which Defendant Ballard used to prepare its bid to the general contractor of the construction project at issue (Doc. #100 at 5-6). Plaintiff argues it is necessary to obtain Defendant Ballard's pricing data history because Defendant Ballard "unilaterally set off/backed charged [Plaintiff] amounts in excess of $400,000 due [Plaintiff] under the subcontract based upon [Defendant Ballard's] in-house estimates" (Doc. #123 at 3).

Defendant Ballard, however, avers it is not necessary to produce the pricing data documents at issue because Defendant Ballard did not rely on those documents when it calculated Plaintiff's set off/back charges (Doc. #112 at 8). Rather, Defendant Ballard maintains it used "unit costs" from similar work performed by Plaintiff on the construction project to calculate Plaintiff's set off/back charges (Doc. #112 at 8). Defendant Ballard further avers said documents should also be deemed non-discoverable because they are proprietary in nature, and their disclosure could possibly provide Plaintiff with an unfair competitive advantage in any future contract bids should both parties bid on the same project (Doc. #111 at 6).

Pursuant to Rule 26(c), a court may enter a protective order upon motion of a party "for good cause shown." FED. R. CIV. P. 26. The Court must evaluate and balance the interests of the parties and non-parties concerning dissemination of discovery material against the public's interest in gaining access to the information. *In Re Alexander Grant & Co. Litigation,* 820 F.2d 352, 355-357 (11th Cir. 1987). Further, a court may enter a protective order when it is necessary to expedite the flow of discovery material, promote prompt resolution of disputes over confidentiality, or facilitate the preservation of material arguably worthy of protection. *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); *In Re Alexander*, 820 F.2d at 356.

Since there seems to be a factual dispute regarding whether "unit costs" or "in-house estimates" were used by Defendant Ballard to calculate the set off/back charges assessed against Plaintiff, the Court finds said pricing documents appear to be both relevant and necessary for Plaintiff's counsel to obtain. The Court, however, also finds said documents are proprietary in nature and should be protected so Plaintiff does not gain an unfair

competitive advantage over Defendant Ballard with respect to projects where both parties might bid.

To this end, the Court finds the Seventh Circuit case, *Ball Memorial Hospital, Inc. v. Mutual Hospital Insurance, Inc.*, particularly instructive. 784 F.2d 1325 (7th Cir. 1986). In *Ball*, the appellate court affirmed the district court's entry of a protective order that restricted access to proprietary bid pricing data to trial counsel's eyes only. *Id.* at 1345.

The Court believes a protective order, similar to the one issued by the district court in *Ball*, is due to be entered in this instance for good cause shown. Accordingly, the Court will grant Plaintiff's Motion to Compel in part and Defendant Ballard's Motion for Protective Order in part. To wit, all information ordered disclosed under this Order shall remain confidential, and for Plaintiff's trail counsel's eyes only. Should Plaintiff's trial counsel determine further disclosure of the information disclosed pursuant to this Order is necessary for litigation purposes, Plaintiff's counsel shall file an appropriate motion with the Court.

Upon due consideration, it is hereby **ORDERED**:

1. Plaintiff's Motion to Compel Production of Documents (Doc. #100) is **GRANTED to the extent that** the sixty three (63) pages of pricing data documents, as described in the Motion to Compel (Doc. #100 at 5-6), **shall be produced** to Plaintiff's trial counsel **by December 31, 2008**.[2]

---

[2] Apart form the sixty three (63) pages of pricing data history, Plaintiff seeks to compel production of six (6) pages of hand-written notes, allegedly made by one of Defendant Ballard's project estimators, Mark Payne (Doc. #100 at 6). At the hearing, however, Defendant Ballard's counsel informed the Court that it is the position of Defendant Ballard that these hand-written notes do not exist, and are therefore unavailable for production. Obviously, the Court cannot compel the production of that which does not exist; however, should said hand-written notes come into existence or otherwise become available, Defendant Ballard shall produce them to Plaintiff forthright.

2. Defendant S.B. Ballard Construction Company's Motion for Protective Order and Supporting Memorandum of Law (Doc. #111) is **GRANTED to the extent that** the documents produced pursuant to this Order shall remain confidential, and shall be for **Plaintiff's trail counsel's eyes only**.

3. **Plaintiff's trial counsel may <u>not</u> disclose** the documents, or the information gleaned from those documents, **<u>to Plaintiff or any third-party</u>** unless permission to do so is subsequently granted by order of this Court.

4. Should Plaintiff's trial counsel determine disclosure of said documents, or the information gleaned from those documents, is necessary for litigation purposes, Plaintiff's counsel shall file an **appropriate motion** with the Court.

5. **Failure of either party to comply** with the provisions of this Order **will result in sanctions**.

**DONE AND ORDERED** at Jacksonville, Florida this  16th  day of December, 2008.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record