**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SOUTHERN PAN SERVICES CO.,

        Plaintiff,

vs.                                                  CASE NO. 3:07-cv-592-J-34TEM

S. B. BALLARD CONSTRUCTION CO.
and LIBERTY MUTUAL INSURANCE CO.,

        Defendants.
_____

**O R D E R**

This matter is before the Court on Plaintiff's Second Motion to Compel Production of Documents and for Spoliation Sanctions (Doc. #127, Motion to Compel) and Defendants' response thereto (Doc. #140). A motion hearing was held before the undersigned on November 18, 2008.[1]

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682

---

[1] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

(1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

In the Motion to Compel (Doc. #127), Plaintiff moves the Court to compel Defendant S.B. Ballard Construction Company ("Defendant Ballard") to produce a multitude of documents related to Defendant Ballard's planning, development, scheduling, cost accounting, construction, engineering and architecture of the project at issue (Doc. #127 at 2-13). Said documents include, *inter alia*, various daily reports/observations, hand-written notes, log books, diaries, concrete tickets, concrete logs, and schedules (Doc. #127 at 2-13).

Defendant Ballard maintains that the documents Plaintiff seeks have either been produced to Plaintiff, destroyed during the regular course of business, or have been inadvertently lost or destroyed (Doc. #140 at 1, 5-9). Put simply, Defendant Ballard steadfastly maintains it does not have in its possession or control that which Plaintiff seeks. Indeed, at the hearing, Plaintiff acknowledged that the concrete tickets at issue have already been produced to Plaintiff. Also, there is evidence that indicates one of the diaries at issue may have, in fact, been lost during the construction phase of the project (*see* Doc. #127-6 at 2).

Although the Court cannot compel the production of that which Defendants do not have in their possession or control, should any documents that are the subject of this motion otherwise become available to Defendants, said documents shall be produced to Plaintiff forthright.  To this end, Plaintiff's Motion to Compel is granted in part.

Plaintiff's Motion to Compel, however, additionally seeks spoliation sanctions against Defendants in the form of either excluding certain expert testimony regarding the impact of delay on the project, or in the form of an adverse jury instruction that would raise a presumption of evidence against Defendants (Doc. #127 at 19).  Upon consideration, the undersigned finds the granting of said motion for spoliation sanctions is not an appropriate remedy at this stage of the litigation, especially since discovery is still ongoing.  Moreover, such motions are generally within the purview of the District Judge who will preside over the trial.

In addition, the undersigned notes he previously granted Plaintiff leave to take an additional six (6) depositions in this cause (*see* Doc. #147).  During the course of taking said depositions, Plaintiff may discover additional evidence to support its motion for spoliation sanctions.  Accordingly, the undersigned shall deny Plaintiff's motion for spoliation sanctions without prejudice.  Plaintiff shall have leave  to refile the motion after the completion of discovery.

Upon due consideration, it is hereby **ORDERED**:

1. Plaintiff's Second Motion to Compel Production of Documents and for Spoliation Sanctions (Doc. #127) is **GRANTED to the extent that**, should any of the documents that are the subject of the instant motion become

3

available to Defendants, those documents shall be produced to Plaintiff forthright.  Any failure to comply with the aforesaid decree shall result in sanctions.

2. Plaintiff's motion for spoliation sanctions, contained within the Motion to Compel (Doc. #127), is **DENIED without prejudice**.  Plaintiff shall have leave to refile the motion after the completion of discovery.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of December, 2008.

Copies to all counsel of record

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge