**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SOUTHERN PAN SERVICES CO.,

   Plaintiff,

vs.                  CASE NO. 3:07-cv-592-J-34TEM

S. B. BALLARD CONSTRUCTION CO.
and LIBERTY MUTUAL INSURANCE CO.,

   Defendants.
_____

## O R D E R

This matter is before the Court on Defendants' Motion to Quash Subpoena Issued to Sullivan Andrews & Taylor, P.C. (Doc. #120, Motion to Quash) and Plaintiff's response in opposition thereto (Doc. #137). A motion hearing was held before the undersigned on November 18, 2008.[1] After careful consideration of the parties' arguments at the hearing and the parties' respective filings, the Court has determined Defendants' Motion to Quash (Doc. #120) shall be granted, in part, to the extent that Sullivan, Andrews & Taylor, P.C., shall only be required to produce documents related to or created as portion of services performed for Defendant S.B. Ballard Construction Company for the time period between January 1, 2005 and December 31, 2006.

Pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, upon timely motion, the court by which a subpoena was issued shall either quash or modify the subject subpoena if it:

---

[1] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

> (i) fails to allow reasonable time for compliance;
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

In the Motion to Quash (Doc. #120), Defendants move to quash the subpoena issued to Defendant S.B. Ballard Construction Company's ("Defendant Ballard") accountant, Sullivan, Andrews & Taylor, P.C. (Doc. #120-2). Said subpoena commands that Sullivan, Andrews & Taylor, P.C., deliver, "[a]ll documents related to or created as portion of services performed for S.B. Ballard for years 2004 to present" (Doc. #120-2).

Defendants maintain the subject subpoena should be quashed because it: (1) violates Florida's accountant-client privilege; (2) requires financial information that Plaintiff is not entitled to discover at this stage of the litigation; (3) is vague and overbroad; (4) is not reasonably calculated to lead to the discovery of admissible evidence; and (5) imposes an undue burden upon Sullivan, Andrews & Taylor, P.C. (Doc. #120 at 2). As discussed more fully below, the Court is only persuaded by Defendants' third argument (*i.e.* that the subject subpoena is vague and overbroad).

Although Florida's accountant-client privilege (Fla. Stat. § 473.316) protects communications between an accountant and his or her client under certain circumstances, the Court finds said statutory provision is not applicable to the facts presented. Specifically,

although both parties have asserted allegations of fraud in their respective pleadings,[2] this action is primarily a contract dispute, and the contract entered into between the parties contains a choice of law provision—which provides that the contract at issue, "shall be governed and construed in accordance with the laws of the Commonwealth of Virginia" (Doc. #107-3 at 11, ¶ 27).

In *ATLC., Ltd. v. Eastman Kodak Co.* (a Middle District of Florida case that the Court finds persuasive) the court found Florida's accountant-client privilege did not apply to a contract dispute, being litigated in Florida, where the contract in question contained a choice of law provision which provided that the laws of the state of Delaware would govern the subject contract. 2007 WL 1101239, at *2 (M.D. Fla. Apr. 12, 2007).[3]

Additionally, the Court would note that the subpoena at issue is directed to an entity located in Virginia, and the principal place of business for Defendant Ballard is in Virginia. Moreover, *Eastman Kodak Co.* also stands for the proposition that the Florida accountant-client privilege only applies to certified public accountants who are licensed to practice in the state of Florida. 2007 WL 1101239, at *2. The affidavit submitted by Defendants in support of the Motion to Quash (Doc. #120-3) does not reflect that accountant Gerald L. Sullivan, or any other member of his firm, is licensed to practice in the state of Florida (Doc. #120-3 at 1-3). Based on the foregoing, the Court finds Florida's accountant-client privilege does not apply to the instant circumstances.

Defendants also argue that the subject subpoena is not reasonably calculated to

---

[2] The Court notes that Florida's accountant-client privilege contains a crime/fraud exception. Fla. Stat. § 473.316(4)(a).

[3] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

lead to admissible evidence and that Defendant Ballard's present financial condition is not relevant at this stage in the litigation since liability for punitive damages, if any, has yet to be determined (Doc. #120 at 3-8). For the following reasons, the Court does not find Defendants' contentions persuasive.

To illustrate, Plaintiff does not represent that it desires Defendant Ballard's financial records for the purpose of determining Defendant Ballard's present financial condition. To the contrary, Plaintiff avers that it seeks Defendant Ballard's financial records for the following reasons: (1) to discover evidence related to Plaintiff's claim that Defendant Ballard's financial mismanagement either contributed to or caused the various delays that occurred during the construction project (for which Plaintiff was allegedly wrongfully back-charged by Defendant Ballard); (2) to track $300,000 that Plaintiff claims was given to Defendant Ballard by the owner of the construction project to be paid to Plaintiff but was never remitted to Plaintiff; and (3) because Defendant Ballard testified at a deposition that he essentially floats monies and costs across all of his contemporaneous construction projects in order to "hit" projected profit estimates, and that only he and his accountant know how the aforementioned process is accomplished (Doc. #137 at 4-8).

Defendants cite, *United States v. General Electric Co.*, in support of their argument that Defendant Ballard's financial records are not relevant (Doc. #143-2, Supplemental Authority). 158 F.R.D. 161 (D. Or. 1994). In *General Electric Co.*, the court held the defendant's "financial condition" was not relevant to the issue of whether the plaintiff was fully compensated under the disputed contract. *Id.* at 162-64. The Court would note, however, that the defendant's expenditures and the record of payments made to it under the contract were considered relevant by the *General Electric Co.* court with respect to the

overall breach of contract claim. *See id.*

Based upon the reasons proffered by Plaintiff for seeking Defendant Ballard's financial records*, supra*, the Court finds the subject subpoena is directed toward discovering evidence related to Defendant Ballard's financial performance during the contract period at issue, and not Defendant Ballard's present financial condition with respect to any potential punitive damages award. Therefore, the Court is satisfied that the discovery sought by Plaintiff is reasonably calculated to lead to admissible evidence—particularly with regard to Plaintiff's claim that the construction delays at issue were caused, either in whole or in part, by Defendant Ballard's alleged financial mismanagement throughout the course of the construction project.

Defendants' argument in support of the Motion to Quash (Doc. #120) that the Court does find persuasive, however, is that the subject subpoena is vague and overbroad (Doc. #120 at 5). Defendants maintain that in order for Sullivan, Andrews & Taylor, P.C., to comply with the demands of the subpoena, it would have to produce over 100,000 documents (Doc. #120 at 8). In addition, Defendants argue said subpoena is vague in the sense that it does not define the term "S.B. Ballard" (Doc. #120 at 5). The Court agrees with Defendants that the subject subpoena, as worded by Plaintiff, is vague to the extent that it does not define the term "S.B. Ballard" (*see* Docs. #120-2 at 4; #120-4 at 3).

To illustrate, the subpoena defines "Ballard" as S.B. Ballard Construction Company, yet the subpoena requests documents related to financial services provided to "S.B. Ballard" (Docs. #120-2 at 4; #120-4 at 3). Since S.B. Ballard is the president of S.B. Ballard Construction Company, it is not clear whether Plaintiff seeks only financial documents with respect to S.B. Ballard Construction Company or whether Plaintiff seeks

S.B. Ballard's personal financial records, or both (see Docs. #120-2 at 4; #120-4 at 3). Thus, the Court finds the term "S.B. Ballard" should indeed be clarified. Accordingly, the Court shall modify the subject subpoena such that the term "S.B. Ballard" shall be defined as S.B. Ballard Construction Company.[4]

Furthermore, given the voluminous amount of documents that have already been exchanged between the parties to date, the Court finds the time period specified in the subpoena is overbroad (i.e. "for years 2004 through present") (Doc. #120-2 at 4). Thus, the Court shall limit the time frame of the request to one which better reflects the time period at issue in this litigation.[5] Specifically, the Court shall limit the time period pertaining to the requested documents to the period between January 1, 2005 and December 31, 2006, with the exception of Specific Request #10.[6] Perhaps this limitation will reduce the burden placed upon Sullivan, Andrews & Taylor, P.C., in complying with the demands of the subpoena.[7]

Based on the foregoing, it is hereby **ORDERED**:

1. Defendants' Motion to Quash Subpoena Issued to Sullivan Andrews & Taylor, P.C. (Doc. #120) is **GRANTED to the extent that** the portions of the

---

[4] At the hearing, counsel for Plaintiff clarified that, at present, Plaintiff only seeks financial records regarding S.B. Ballard Construction Company.

[5] The Claim of Lien filed by Plaintiff states that Plaintiff provided "labor, materials, and/or services" from March 2, 2005 through July 28, 2006 (Doc. #107-11 at 2).

[6] This particular request seeks documents that necessarily involve the entire time period specified by Plaintiff in the subject subpoena.

[7] The Court would note that the subject subpoena requests many documents that the Court does not believe a typical accountant would possess (e.g. project plans, specifications, drawings, field reports, manuals, laboratory testing reports, etc.). As such, if Sullivan Andrews & Taylor, P.C., does not possess such material, it may simply advise Plaintiff.

subpoena that are vague and overbroad shall be modified. To that end, Sullivan, Andrews & Taylor, P.C., shall only be required to produce documents related to or created as portion of services performed for Defendant S.B. Ballard Construction Company for the time period between January 1, 2005 and December 31, 2006, with the exception of Specific Request #10.

2. Sullivan, Andrews & Taylor, P.C., shall have **forty five (45) days from entry of this Order within which to comply** with the subpoena issued to it by Southern Pan Services Company on September 26, 2008, as limited herein.

3. If, after receiving and reviewing the documents provided by Sullivan, Andrews & Taylor, P.C., Plaintiff determines it is entitled to additional discovery from Sullivan, Andrews & Taylor, P.C., it may move the Court for leave to serve a subsequent subpoena. Plaintiff, however, shall be required to articulate specific reasons for any such request and, in addition, shall accompany any such request with a proposed subpoena for the Court's review.

**DONE AND ORDERED** at Jacksonville, Florida this  19th  day of May, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge