**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SOUTHERN PAN SERVICES CO.,

        Plaintiff,

vs.                                                                 CASE NO. 3:07-cv-592-J-34TEM

S. B. BALLARD CONSTRUCTION CO.
and LIBERTY MUTUAL INSURANCE CO.,

        Defendants.
_____

## **O R D E R**

This matter is before the Court on Plaintiff's Motion to Compel Responses to Plaintiff's Request to Admit (Doc. #151, Motion) and Defendants' response thereto (Doc. #155). A motion hearing was held before the undersigned on May 5, 2009.[1] After careful consideration of the parties' arguments at the hearing and the parties' respective filings, the Court has determined Plaintiff's Motion to Compel Responses to Plaintiff's Request to Admit (Doc. #151) shall be granted to the extent provided herein.

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.* The overall purpose of discovery under the Federal Rules of Civil Procedure is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate

---

[1] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

understanding of the true facts and, therefore, embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

At the hearing, it was resolved that the parties would meet in order to resolve the issues presented by the Motion (Doc. #151). Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion to Compel Responses to Plaintiff's Request to Admit (Doc. #151) is **GRANTED to the extent provided herein**.

2. The parties shall meet at a mutually agreeable time and place in order to resolve the matters raised by Plaintiff's Motion (Doc. #151). To this end, the Court would strongly encourage the parties to work together to resolve this matter without further Court intervention.

3. Should Plaintiff believe, however, after meeting with Defendants, that a further Court order is necessary in order to have Defendants comply with Plaintiff's discovery request, Plaintiff shall have leave to file an appropriate motion with the Court.

**DONE AND ORDERED** at Jacksonville, Florida this  19th   day of May, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge