UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOUTHERN PAN SERVICES CO.,

       Plaintiff,

vs.                                                     CASE NO. 3:07-cv-592-J-34TEM

S. B. BALLARD CONSTRUCTION CO.
and LIBERTY MUTUAL INSURANCE CO.,

       Defendants.
_____

## O R D E R

This matter is before the Court on Defendants' Motion for Leave to Take Additional Depositions and Motion to Compel (Doc. #166, Motion) and Plaintiff's response in opposition thereto (Doc. #171). A motion hearing was held before the undersigned on May 6, 2009 (Doc. #172, Minutes).[1] After careful consideration of the parties' arguments at the hearing and the parties' respective filings, the Court has determined Plaintiff's Motion (Doc. #166) shall be granted in part and denied in part.

Defendants presently move to take additional depositions and for the production of certain documents. Specifically, Defendants move to compel the depositions of Tim Postma (Southern Pan Services Company's Project Manager)[2] and two of Plaintiff's attorneys, John Bellus, Jr. and Larry Segall (Doc. #166 at 1). Defendants also move to compel the production of all documents that were requested in Defendants' Fifth Request for Production of Documents and in subpoenas issued to Plaintiff's counsel on February

---

[1]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

[2]Defendants have already deposed Mr. Postma, however, Defendants move to re-depose Mr. Postma for the reasons set forth herein.

12, 2009 (Doc. #166 at 7, 9). Said documents concern Plaintiff's consultation with legal counsel regarding the preparation, calculation, and/or recording of its Claim of Lien (Doc. #166 at 7, 9).[3]

Defendants argue that they are entitled to the aforementioned discovery because Mr. Postma substantively changed his initial deposition testimony by errata sheet and, "now claims that he consulted with counsel and obtained legal advise concerning the preparation of Southern Pan's Claim of Lien" (Doc. #166 at 10). The change in Mr. Postma's testimony concerns his response to defense counsel's question with respect to whether Mr. Postma sought legal advice prior to filing the Claim of Lien at issue. Said deposition testimony is as follows:

> Q. And it's true, is it not, that the amount claimed as the total value of the work and the amount that remained unpaid in the lien and claim of lien that was actually recorded is consistent with that reflected in this exhibit 280?
> A. 1,949,385, yes.
> Q. And you didn't seek legal advice with regard to preparation of this lien, did you?
> A. No.

(Doc. #166-3 at 7-8).

Mr. Postma, by errata sheet, subsequently changed his answer to the aforementioned testimony as follows: "'no' to 'yes,' I spoke with John Bellus and Larry Segall prior to Filing [sic.] lien." (Doc. #166-4 at 4).

Defendants maintain that Southern Pan has now raised the issue of good faith reliance on legal counsel, which would thereby waive the attorney-client privilege otherwise

---

[3] Defendants allege in their counterclaim that Plaintiff, *inter alia*, filed a fraudulent claim of lien in contravention of Florida Statutes, Section 713.31 (Doc. #116 at 25-27).

applicable to Mr. Postma's communications with his attorneys regarding the preparation of the Claim of Lien (Doc. #166 at 10). Specifically, Defendants assert:

> Upon substantively changing his testimony by errata sheet to reflect that he obtained advice of counsel with regard to the preparation of Southern Pan's lien, Mr. Postma went beyond mere denial of Defendants' fraudulent lien claim and injected the otherwise privileged attorney-client communications into the case, thereby waiving the privilege.

(Doc. #166 at 16). The undersigned is not persuaded by this argument.

The Eleventh Circuit has identified three methods by which a party can waive the attorney-client privilege by implication: (1) when a client testifies concerning portions of the attorney-client communication; (2) when a client places the attorney-client relationship directly at issue; and (3) when a client asserts reliance on an attorney's advice as an element of a claim or defense. *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir. 1994).

Here, it appears Mr. Postma merely responded to a question asked by defense counsel. Mr. Postma, in response to being asked whether he sought legal advise prior to filing the Claim of Lien, has now stated, *via* errata sheet, that he spoke with attorneys John Bellus, Jr. and Larry Segall prior to filing the Claim of Lien (Doc. #166-7 at 8). Mr. Postma has not revealed the substance of said conversation(s) and Plaintiff has not indicated that it intends to rely on advise of counsel as a defense to Defendants' claim that it filed a fraudulent claim of lien. A review of Plaintiff's Answer to Defendant's Amended Counterclaims (Doc. #131) reveals that Plaintiff denies it filed a fraudulent claim of lien (*i.e.* that the amount(s) asserted in the Claim of Lien are accurate)—not that it relied, in good faith, on advice of counsel to show a lack of willfulness on its part with respect to filing a fraudulent claim of lien (*see* Doc. #131 at 2, 9-11).

Further, in its response to the Motion (Doc. #171), Plaintiff steadfastly maintains that it does not intend to rely on the advise of counsel defense. Specifically, Plaintiff states, "it has absolutely no intent to waive its attorney-client and work product privileges nor has Plaintiff or its counsel ever asserted via correspondence, pleadings, or otherwise that it intends to offer into evidence 'advice of counsel'" (Doc. #171 at 6). In addition, at the hearing, Plaintiff stipulated that it will not assert the advice of counsel defense in this action (Doc. #172).

Based on the foregoing, the undersigned finds Plaintiff has not implicitly waived its attorney-client privilege at this point in the litigation. Thus, Defendants' motion to compel disclosure of all documents and information regarding attorney-client communications, which pertain to the preparation of Plaintiff's Claim of Lien, shall be denied. Likewise, Defendants' request to depose attorneys John Bellus, Jr. and Larry Segall shall be denied.

The remaining requests in Defendants' Motion (Doc. #166) concern the re-opening of Mr. Postma's deposition with respect to two matters: (1) the substantive changes to his deposition testimony by errata sheet; and (2) various documents that were allegedly discovered in Mr. Postma's closet that support Plaintiff's calculation of damages due to alleged crew inefficiency in the amount of $435,630.06 (Doc. #166 at 10-11).

In the Motion, Defendants maintain that Plaintiff has agreed to the re-opening of Mr. Postma's deposition with respect to the two aforementioned matters (Doc. #166 at 11). At the hearing, counsel for Plaintiff confirmed that it agrees to the reopening of Mr. Postma's deposition with respect to the aforementioned topics and, in addition, agreed that the creation date of a particular "Notice of Delay" document located on Mr. Postma's computer hard-drive and facts regarding paragraphs 15-29 of the third amended complaint (Doc.

#107) would also be appropriate topics with respect to Mr. Postma's re-opened deposition (Doc. #172). The parties also stipulated that said deposition shall not last more than three (3) hours, and that defense counsel will not question Mr. Postma regarding attorney-client privileged communications (Doc. #172).

Based upon the foregoing, it is hereby **ORDERED**:

1. Defendants' Motion for Leave to Take Additional Depositions and Motion to Compel (Doc. #166) is **GRANTED in part and DENIED in part**.

2. Defendants' request to compel disclosure of all documents and information regarding attorney-client communications, which pertain to the preparation of Plaintiff's Claim of Lien, is **DENIED**.

3. Defendants' request to depose attorneys John Bellus, Jr. and Larry Segall is **DENIED**.

4. Defendants' request that Mr. Postma's deposition be re-opened with respect to: (1) the substantive changes to Mr. Postma's deposition testimony by errata sheet; and (2) various documents that were allegedly discovered in Mr. Postma's closet that support Plaintiff's calculation of damages due to alleged crew inefficiency in the amount of $435,630.06 is **GRANTED**.

5. Pursuant to stipulation by the parties, the re-opening of Mr. Postma's deposition may also include questions regarding: (1) the creation date of a particular "Notice of Delay" document located on Mr. Postma's computer hard-drive; and (2) facts related to paragraphs 15-29 of the third amended complaint (Doc. #107).

6. The duration of Mr. Postma's re-opened deposition **shall not exceed three (3) hours**.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of June, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge