**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SOUTHERN PAN SERVICES
COMPANY,

      Plaintiff
vs.

CASE NO. 3:07-cv-592-J-34TEM

S. B. BALLARD CONSTRUCTION
COMPANY and LIBERTY MUTUAL
INSURANCE COMPANY,

      Defendants.
_____/

## O R D E R

This matter is before the Court on Plaintiff's Motion to Strike Portions of the Expert Report of Robert Kelly and to Supplement its Expert Disclosures (Doc. #156, Motion) and Defendants' response thereto (Doc. #161). A motion hearing was held on May 6, 2009 (Doc. #172, Minutes). For the reasons stated herein and on the record at the hearing, Plaintiff's Motion (Doc. #156) shall be granted in part and denied in part.

As an initial matter, the Court would note that Plaintiff's Motion (Doc. #156) is procedurally deficient. Specifically, there is no certifying statement in the instant motion which would verify compliance with Local Rule 3.01(g), United States District Court, Middle District of Florida.

The importance of the procedural rules cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court. With respect to Local Rule 3.01(g), the court has noted "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v.*

*Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996). At least one magistrate judge in the Middle District of Florida has construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, 2000 WL 1658575 (M.D. Fla. 2000). Many disputes are more easily resolved when the parties actually speak with each other. Although the Court will accept Plaintiff's Motion on this occasion, the Court would caution Plaintiff that any future failure to adhere to the procedural rules of this Court could result in its filing(s) being stricken and deleted from the record.

In the Motion (Doc. #156), Plaintiff moves to strike Defendants' expert report of Robert Kelly because the document was filed in the "guise of a response expert report" and it includes additional matters not covered by Plaintiff's expert report (Doc. #156 at 1). Plaintiff points to the parties' case management report ("CMR") (Doc. #21), which provides:

> b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:
>
> **Defendant shall provide a copy of their expert's report(s), along with the other requirements of Fed .R. Civ. P 26(a)(2), to Plaintiff's counsel on or before July 15, 2008. To the extent Defendant is seeking any positive relief, Defendant shall provide its expert report on before June 1, 2008**.

(Doc. #21 at 6) (emphasis in original).

Indeed, said provision of the parties' CMR (Doc. #21) contemplates that Defendants would provide a separate expert report to Plaintiff with respect to matters that concern any positive relief they seek in this action. In addition, the Court's first Case Management and Scheduling Order (Doc. #22) provided that, "[the] Parties are **directed** to meet the agreed

upon terms and time limits set forth in their Case Management Report . . . ." (Doc. #22 at 1) (emphasis in original).

Nevertheless, the Court acknowledges that subsequent orders by the Court modifying the Case Management and Scheduling Order do not provide for separate positive claim(s) expert report(s) to be submitted by Defendants prior to the submission of their other expert report(s) (*see e.g.* Docs. #61, #88, #97). Specifically, those Orders provide that Plaintiff would submit its expert report(s), and thereafter, Defendants would submit their report(s)—and then, Plaintiff would provide its rebuttal expert report(s) (Doc. #61 at 1; Doc. #88 at 2; Doc. #97 at 2). The implication being that Plaintiff would receive Defendants' expert report(s), and thereafter, submit its rebuttal expert report(s) that would address the matters asserted in Defendants' report(s).

Having reviewed the aforementioned documents, the Court finds confusion with respect to the parties' obligations under the expert disclosure deadlines could have easily occurred. Accordingly, the Court does not find bad faith on the part of Defendants in only supplying one expert report. Thus, the Court will not strike any portion of the expert report of Robert Kelly. Since, however, Plaintiff avers that, due to said confusion, it was unable to adequately prepare its rebuttal expert report, the Court shall grant Plaintiff the opportunity to supplement its rebuttal expert report to address only Defendants' expert's opinion(s) that relate to Defendants' positive claims.

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Motion to Strike Portions of the Expert Report of Robert Kelly and to Supplement its Expert Disclosures (Doc. #156) is **GRANTED in part and DENIED in part**.

2. Plaintiff's request that portions of Robert Kelly's expert report be stricken is **DENIED**.

3. Plaintiff's request that it be given an opportunity to supplement its rebuttal expert report in order to address Defendant's expert's opinion(s) with respect to Defendants' positive claims is **GRANTED**. Plaintiff is cautioned, however, that its supplemental report must address **only** Defendants' positive claims.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of August, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge